**ORIGINAL**

IN THE DISTRICT COURT OF EL PASO COUNTY, TEXAS
171ST JUDICIAL DISTRICT

FILED

2009 OCT 30  AM 11 25

EL PASO COUNTY, TEXAS

DEPUTY

| | | |
|---|---|---|
| MICHAEL LUTH | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| vs. | § | CAUSE NO. 2009-3953 |
| | § | |
| PRAXAIR, INC. | § | |
| | § | |
| Defendant. | § | |

---

## NOTICE OF FILING OF NOTICE OF REMOVAL

---

Defendant PRAXAIR, INC. ("Praxair", "Defendant") hereby gives notice that this case has been removed to the United States District Court for the Western District of Texas, El Paso Division, and that the state court should proceed no further in this case.

Attached is a copy of Defendant Praxair's federal court filing, entitled Notice of Removal, which has been filed to effect the removal.

Respectfully submitted,

BICKERSTAFF HEATH DELGADO ACOSTA LLP

By: _____
Alejandro Acosta, Jr.
Texas State Bar No. 00835600
725 Mesa Hills
Building 1, Suite 2
El Paso, Texas 79912
(915) 533-1810 Phone
(915) 533-1841 Fax

ATTORNEYS FOR THE DEFENDANT
PRAXAIR, INC.

**NOTICE OF FILING OF NOTICE OF REMOVAL - Page 1**

COPY

## CERTIFICATE OF SERVICE

The undersigned herby certifies that a true and correct copy of the above and foregoing document has been served by Certified Mail, Return Receipt Requested on this the *30* day of *October*, 2009 as follows:

James F. Scherr
Scherr & Legate, PLLC
109 North Oregon, 12th Floor
El Paso, Texas 79901

ALEJANDRO ACOSTA, JR.

NOTICE OF FILING OF NOTICE OF REMOVAL - Page 2

**◻ORIGINAL**

IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TEXAS
EL PASO DIVISION

FILED

2009 OCT 30  PM 2: 18

| | | |
|---|---|---|
| Michael Luth, | ) | |
| | ) | **EP09CV0393** |
| Plaintiff, | ) | No.: |
| | ) | |
| vs. | ) | Judge: |
| | ) | |
| Praxair, Inc. | ) | Removed from the District Court of El |
| | ) | Paso County, Texas, 171st Judicial |
| Defendant. | ) | District, Cause No. 2009-3953 |
| | ) | |

---

## NOTICE OF REMOVAL

---

TO THE HONORABLE COURT:

Defendant Praxair, Inc. ("Praxair") hereby gives notice of the removal of the case described below to this Court pursuant to 28 U.S.C. §§ 1332 and 1446.  In support of removal, Praxair states as follows:

### I.

### INTRODUCTION

On or about October 3, 2009, Plaintiff Michael Luth filed a petition alleging negligence against Defendant Praxair in the 171st Judicial District Court of El Paso County, Texas captioned *Michael Luth v.  Praxair, Inc.*, Cause No. 2009-3953 (the "State Court Action").  Praxair was served with the original petition on October 7, 2009, a copy of which is attached as Exhibit A.

Praxair is the sole defendant named in plaintiff's petition.

As Praxair more fully states below, removal of this matter is proper under 28 U.S.C. § 1332 based on diversity jurisdiction.

## II.

### DIVERSITY JURISDICTION

Pursuant to 28 U.S.C. § 1332(a), this Court has original jurisdiction over actions between citizens of different states where the amount in controversy, exclusive of interest and costs, exceeds $75,000.

Plaintiff Michael Luth is a resident of El Paso County, Texas.  (Complaint, par. II.)

Defendant Praxair is a citizen of Delaware and Connecticut because it is incorporated in Delaware and has its principal place of business and headquarters in Connecticut. *See* 28 U.S.C. §1332(c)(1) ("A corporation shall be deemed a citizen of any State by which it is incorporated and of the state where it has its principal place of business.")

## III.

### AMOUNT IN CONTROVERSY

In his petition, plaintiff alleges that he suffered "severe bodily injury" as a result of an explosion. Specifically, in his petition the plaintiff alleges that he has suffered and will continue to suffer damages including:

(a) "expenses for medical care, nursing, services, attention and other expenses;"

(b) expenses for "further medical care, nursing services, and attention;"

(c) "loss of earning capacity" both in the past and for the future;

(d) pain and suffering;

(e) mental pain and anguish;

(f) emotional distress; disfigurement; and

2

(g) "impairment to his body"

Accordingly, upon information and belief, the amount in controversy exceeds $75,000, thereby satisfying the requirements of 28 U.S.C. §1332(a).

## IV.

### OTHER REMOVAL MATTERS

Praxair reserves the right to amend or supplement this Notice of Removal. A copy of the state court pleadings filed in the state court action entitled *Michael Luth v. Praxair, Inc.*, Cause No. 2009-3953, in the 171st Judicial District Court of El Paso County, Texas is attached hereto as Exhibit A.

Praxair has timely sought removal of this action within 30 days of service of the State Court Action upon Praxair. 28 U.S.C. 1446(b).

Pursuant to 28 U.S.C. § 1446(d), Praxair shall give plaintiff written notice of filing of this Notice of Removal and shall file a written notice of this Notice of Removal with the Clerk of the District Court of El Paso County, Texas 171st Judicial District, attaching a file-stamped copy of this Notice of Removal.

Venue is proper in this district under 28 U.S.C. § 1441(a) because this District Court embraces the place where the action was pending. Venue is also proper under 28 U.S.C. § 1391 because a substantial part of the acts and omissions allegedly occurred in this district, as set forth in the plaintiff's complaint.

Pursuant to 28 U.S.C. §§ 1332 and 1446, this action is removable to the United States District Court for the Western District of Texas.

3

Dated:  October 30, 2009                 Respectfully submitted,

                                         BICKERSTAFF HEATH DELGADO ACOSTA LLP

                                         By: _____
                                         **Alejandro Acosta, Jr.**
                                         Texas State Bar No. 00835600
                                         725 Mesa Hills
                                         Building 1, Suite 2
                                         El Paso, Texas 79912
                                         (915) 533-1810 Phone
                                         (915) 533-1841 Fax

                                         ATTORNEYS FOR THE DEFENDANT
                                         PRAXAIR, INC.


## CERTIFICATE OF SERVICE

The undersigned herby certifies that a true and correct copy of the above and foregoing document has been served by Certified Mail, Return Receipt Requested on this the _30_ day of _Oct_____, 2009 as follows:

James F. Scherr
Scherr & Legate, PLLC
109 North Oregon, 12th Floor
El Paso, Texas 79901

_____
ALEJANDRO ACOSTA, JR.

4

# EXHIBIT A

**ORIGINAL**

## THE STATE OF TEXAS

FILED

NOTICE TO DEFENDANT: "You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10:00 a.m. on the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you."

GILBERT SANCHEZ

2009 SEP 3 PM 3 49

TO: **PRAXAIR, INC.** may be served with process by serving its registered agent **PRENTICE HALL CORPORATION SYSTEM**, or any other authorized officer or agent therein at 701 Brazos Street, Ste. 1050, Austin, Texas 78701 and/or where ever he may be found.

DEPUTY

Greetings:

You are hereby commanded to appear by filing a written answer to the Plaintiff's Original Petition at or before ten o'clock A.M. of the Monday next after the expiration of twenty days after the date of service of this citation before the Honorable ___171 st___, El Paso County, Texas, at the Court House of said County in El Paso, Texas.

Said Plaintiff's Petition was filed in said court on the ___3___ day of ___Sept___, 2009, by Attorney at Law, James F. Scherr, 109 N. Oregon, 12th Flr., El Paso, Texas 79901, in this case numbered 2009 - ___3953___ on the docket of said court, and styled:

MICHAEL LUTH _____ Plaintiff

vs.

PRAXAIR, INC. _____ Defendant.

The nature of Plaintiff's demand is fully shown by a true and correct copy of the **Plaintiff's Original Petition, Plaintiff's Request for Disclosure, Plaintiff's First Set of Interrogatories to Defendant and Privilege Log, First Request for Production and Jury Request** accompanying this citation and made a part hereof.

The officer executing this writ shall promptly serve the same according to requirements of law, and the mandates thereof, and make due return as the law directs.

Issued and given under my hand and seal of said Court at El Paso, Texas, on this the ___3___ day of ___Sept___, A.D., 2009.

CLERK OF THE COURT

GILBERT SANCHEZ, District Clerk
Rm. 103 COUNTY COURTHOUSE
500 E. SAN ANTONIO
EL PASO, TEXAS 79901

A TRUE COPY, I CERTIFY
GILBERT SANCHEZ, District Clerk
By _____
DEPUTY

OCT 30 2009

Attest: GILBERT SANCHEZ District Clerk
El Paso County, Texas

(SEAL)

By _____
Deputy

Rule 106: "-the citation shall be served by the officer delivering to each defendant, in person, a true copy of the citation with the date of delivery endorsed thereon and with a copy of the petition attached thereto."

Cause No. 20093953

Plaintiff:
MICHAEL LUTH

Defendant:
PRAXAIR INC

{}
{}
{}

In the 171 District Court
EL PASO County

Filed _October_ A.D. _22_ 20_09_

AT _4:22_ o'clock _P_ M

GILBERT SANCHEZ, Clerk, Dist. Courts
El Paso County, Texas

BY _____ DEPUTY

### Officer's Return

Came to hand October 06, 2009 at 9:17 A.M. and executed in Travis
County, Texas, on October 07, 2009 at 10:27 A.M. by delivering to PRAXAIR
INC by delivering to Prentice-Hall Corporation System, registered agent for
service, at 701 Brazos Street, Suite 1050, Austin, Texas 78701, by delivering
to KELLY COURTNEY, designated agent for service, a true copy of the citation
together with an accompanying copy of the plaintiff's ORIGINAL petition
PLAINTIFF'S REQUEST FOR DISCLOSURE PLAINTIFF'S FIRST SET OF
INTERROGATORIES TO DEFENDANT AND PRIVILEGE LOG FIRST REQUEST
FOR PRODUCTION AND JURY REQUEST.

FEE: $ 70 Paid

Bruce Elfant,
Travis County Constable Precinct 5
Travis County, Texas

by:_____
Miracle Mount, Deputy



**Bruce Elfant, Constable**
Travis County Constable Precinct 5
1003 Guadalupe
Austin, Texas 78701
October 12, 2009

SCHERR,JAMES F
109 N OREGON 12TH FL 1 TX TOWE
EL PASO,TX 79901

## INVOICE

| | |
|---|---|
| Cause Nbr | 20093953-1 |
| Plaintiff | MICHAEL LUTH |
| Service Name | PRAXAIR INC |

| | |
|---|---|
| Service Fee | 70.00 |
| Payment Received | 70.00 |
| Balance Due | 0.00 |

Thank you for allowing us to be of service to you in this case.

Check the status of your civil process at
**www.Constable5.com**
Be sure to bookmark the ServiceCheck page



**ORIGINAL**

IN THE DISTRICT COURT OF EL PASO COUNTY TEXAS

_____ JUDICIAL DISTRICT

FILED
GILBERT SANCHEZ
DISTRICT CLERK

2009 SEP 3 PM 3 49

EL PASO COUNTY, TEXAS
BY _____
DEPUTY

| | | |
|---|---|---|
| MICHAEL LUTH, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Cause No. 2009-3953 |
| vs. | § | |
| | § | |
| PRAXAIR, INC. | § | |
| | § | |
| Defendant. | § | |

## PLAINTIFF'S ORIGINAL PETITION

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW MICHAEL LUTH (hereinafter called Plaintiff) complaining of PRAXAIR,

INC. (hereinafter called "Defendant ") and for a cause of action would respectfully show the Court

as follows:

### I.

Pursuant to Rule 190, discovery in this case will be conducted in Level III.

### II.

Plaintiff is a resident of El Paso County, Texas.  Plaintiff's last three numbers of her New

Mexico driver's license number is 679.

Defendant PRAXAIR, INC. is a Delaware Corporation authorized to do business in El Paso,

Texas and may be served with process by serving its registered agent, PRENTICE HALL

CORPORATION SYSTEM, or any other officer or agent therein at 701 Brazos Street, Ste. 1050,

Austin, Texas 78701 and/or wherever may be found.

1

## III.

On or about January 23, 2008, Plaintiff was working in the course and scope of his employment with his employer Northwest Insulation at a job site under the control of Defendant PRAXAIR located at 6501 Trowbridge, El Paso, Texas. Defendant exercised actual and contractual right of control on the job, including control over safety, materials used on the job, inspection and approval of the subcontractor's work and compliance with OSHA requirements. Plaintiff was working near a pipe when the pressure valve exploded. The pressure valve was defective which was a producing cause of the occurrence. The pressure valve was manufactured, designed, marketed and distributed by Defendant Praxair. The pressure valve was dangerous, defective and unsafe for its intended and/or reasonably foreseeable uses and purposes at the time it left the control of Defendant Praxair. The pressure valve was unreasonably dangerous, defective and unsafe, and was a producing cause of Plaintiff's damages. As a result of the occurrence made the basis of this suit, Plaintiff suffered bodily injuries. Defendant Praxair failed to provide a safe work environment for Plaintiff.

## IV.

While on the premises and under the control of Defendant Praxair, Plaintiff suffered damages resulting in injury caused by a dangerous condition on the premises, which Defendant actually knew or, in the exercise of ordinary care, should have known existed.

Defendant Praxair, its agents, servants, employees and subcontractors negligently caused or negligently permitted such condition to exist and negligently failed to warn Plaintiff of the condition of the premises, despite the fact that Defendant Praxair, its agents, servants, employees and subcontractors actually knew, or in the exercise of ordinary care, should have known of the existence of the condition and that there was a likelihood of someone being injured as happened.

2

## V.

The pressure valve was in an unreasonably dangerous condition as repaired, maintained, designed, manufactured, marketed, assembled and/or placed into the stream of commerce by Defendant Praxair and was a producing cause of the occurrence and injuries sustained by Plaintiff in the occurrence made the basis of this suit. Defendant Praxair is strictly liable in tort and Plaintiff hereby invokes the doctrine of strict liability.

Defendant Praxair issued no warnings or instructions to potential users regarding such dangers, or in the alternative, any warnings issued were inadequate.

The pressure valve was expected to and did reach Plaintiff without substantial change in the condition in which it was sold and/or distributed by Defendant Praxair.

Plaintiff was injured from the pressure valve in a  manner in which it was intended by Defendant Praxair to be used.

## VI.

Alternatively, Defendant Praxair, their agents, representatives and employees were negligent by breaching their duty to Plaintiff in one or more of the following alternative theories of negligence:

1.  Failing to provide a safe place to work.
2.  Negligent maintenance.
3.  Failing to replace old pressure valve.
1.  Negligent manufacturing of the pressure valve.
2.  Negligent design of the pressure valve.
3.  Failing to provide guard and safety devices to prevent injury.
4.  Providing an inadequate and unsafe equipment.
5.  Failure to recall the pressure valve.
6.  Failure to provide adequate warning.
7.  Negligent inspection of the pressure valve.
8.  Failure to adequately test the pressure valve.
11. Failing to train its representatives and customers on the hazards and procedures involved in the use of the pressure valve.

3

12. Failure to advise potential buyers and users of the hazards involved in the use of the pressure valve which would render the pressure valve unsafe.

13. Failure to use due care in testing and inspecting the pressure valve to determine its function ability for the purposes intended.

14. Failure to supply safety equipment or devices to assure the pressure valve would operate safely.

15. Failure to keep reasonably informed and advised of available public and private reports, studies, statistics and other information concerning the type, nature and frequency of accidents involving this type of pressure valve and the number, nature and severity of injuries and death resulting from same.

16. If Defendant claim to have such knowledge and information aforesaid, then the failure to act as a reasonably prudent manufacturer would act when so informed, to so design, market, manufacture and use such pressure valve which would eliminate or reduce the frequency or severity of such accidents and the injuries resulting from same.

17. Failure to take notice of, heed and comply with all federal, state or other laws and regulations enacted for the protection of the public.

18. Other acts of negligence.

One or more of the foregoing acts or omissions of Defendant Praxair constituted negligence which was a proximate cause of the injuries to Plaintiff which are made the basis of this cause of action. Further, one or more of the foregoing acts or omissions was a proximate cause of the aggravated, enhanced or additional injuries and damages to Plaintiff that would not have been sustained but for the one or more of the foregoing acts or omissions.

## VII.

As a direct and proximate result of the occurrence, Plaintiff suffered bodily injuries to his body. As a further result of the occurrence, Plaintiff has incurred expenses for medical care, nursing services, attention and other expenses. These expenses incurred were necessary for the care and treatment of the injuries sustained by Plaintiff, and the charges made and to be made were the usual and customary charges for such services. Plaintiff will require further medical care, nursing services and attention and will necessarily incur reasonable expenses in the future for which medical needs.

As a result of the occurrence, Plaintiff has loss of earning capacity in the past. Plaintiff will continue to suffer a loss of earning capacity in the future. As a result of the occurrence, Plaintiff was prevented from performing his household duties and will continue to be unable to perform his household duties in the future.

Plaintiff has suffered pain and suffering in the past and will continue to suffer pain and suffering in the future. Plaintiff has suffered mental pain and anguish in the past and will continue to suffer mental pain and anguish in the future. Plaintiff has suffered emotional distress in the past and will continue to suffer emotional distress in the future. As a result of the occurrence, Plaintiff has suffered and will continue to suffer impairment to his body. Plaintiff has suffered disfigurement. Plaintiff has suffered damages in the jurisdictional limits of this Court.

## VIII.

Plaintiff respectfully requests a trial by jury on these issues in this case.

**WHEREFORE, PREMISES CONSIDERED,** Plaintiff requests that the Defendant be cited to appear and answer, and that upon final trial, Plaintiff have judgment against Defendant for all relief requested, for pre-judgment interest, post judgment interest, for costs of this suit, and for such other and further relief, general and special, at law or in equity, to which Plaintiff is entitled.



5

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)
Jamesscherr@slelaw.com

_____
**JAMES F. SCHERR**
State Bar No.: 17745400

m:\W:\Luth-Michael\pleading\Petition\Original Petition.wpd

A TRUE COPY, I CERTIFY
GILBERT SANCHEZ, District Clerk
By_____ DEPUTY

6

OCT 3 0 2009



**ORIGINAL**

IN THE DISTRICT COURT OF EL PASO COUNTY TEXAS
_____ JUDICIAL DISTRICT

FILED
GILBERT SANCHEZ
DISTRICT CLERK

2009 SEP 3 PM 3 49

MICHAEL LUTH,

     Plaintiff,

vs.

PRAXAIR, INC.

     Defendant.

§
§
§
§
§
§
§
§
§
§

EL PASO COUNTY, TEXAS

BY _____

Cause No. 2009-3953

## PLAINTIFF'S REQUEST FOR DISCLOSURE

TO:    DEFENDANT, by and through its respective attorney of record.

Pursuant to Tex. R. Civ. P. 194, you are requested to timely disclose within **FIFTY ONE (51)**

**DAYS** after service of this request the following:

(a)    The correct name of the parties to the lawsuit.

(b)    The name, address, and telephone number of any potential parties and any responsible third party.

(c)    The legal theories and, in general, the factual bases of your claims and/or defenses.

(d)    The name, address, and telephone number of persons having knowledge of relevant facts, and a brief statement of each identified person's connection with the case.

(e)    For any testifying expert:

    (1)    the expert's name, address and telephone number;

    (2)    the subject matter on which the expert will testify;

    (c)    the general substance of the expert's mental impressions and opinions and a brief summary of the basis for them, or if the expert is not retained by, employed by or otherwise subject to the control of the responding party, documents reflecting such information;

    (d)    if the expert is retained by, employed by or otherwise subject to the control of the responding party;

        (A)    all documents, tangible things, reports, models or data compilations that have been provided to, reviewed by, or prepared by or for the expert in

anticipation of the expert's testimony; and

(B)     the expert's current resume and bibliography.

(f)     Any discoverable indemnity and insuring agreements, as defined by Tex. R. Civ. P. 192.3(f)

(g)     Any discoverable settlement agreements, as defined by Tex. R. Civ. P. 192.3(g)

(h)     Any discoverable witness statements, as defined by Tex. R. Civ. P. 192.3(h).

(i)     If this suit alleges physical or mental injury and damages from the occurrence that is the subject of the case, all medical records and bills that are reasonably related to the injuries or damages asserted or, in lieu thereof, an authorization permitting the disclosure of such medical records and bills.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are advised that no objection or assertion of work product is permitted to request under this rule pursuant to Tex. R. Civ. P. 194.5.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

Respectfully submitted,

SCHERR & LEGATE, PLLC
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas  79901
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)
JamesScherr@slelaw.com

JAMES F. SCHERR
State Bar No.: 17745400

mIW-\Lutb-Michael\discovery\defendant\disclosure\Praxair - Disclosures.wpd

A TRUE COPY, I CERTIFY
GILBERT SANCHEZ, District Clerk
By_____
                        DEPUTY

OCT 3 0 2009



**☐ ORIGINAL**

IN THE DISTRICT COURT OF EL PASO COUNTY TEXAS

_____ JUDICIAL DISTRICT

FILED
GILBERT SANCHEZ
DISTRICT CLERK

2009 SEP 3 PM 3 49

EL PASO COUNTY, TEXAS

BY _____ DEPUTY

| | |
|---|---|
| MICHAEL LUTH, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| PRAXAIR, INC. | § |
| | § |
| Defendant. | § |

Cause No. 2009- **3953**

## JURY REQUEST

On this the ___ day of _____, A.D. 2009, the Plaintiff having demanded a jury, it is hereby ordered that the above styled and numbered cause be placed upon the jury docket on payment of the jury fee herein.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)
JamesScherr@slelaw.com

**JAMES F. SCHERR**
State Bar No. 17745400

CHECK TO ACCOMPANY ORDER

mlW:\Luth-Michael\pleading\Jury Request.wpd

A TRUE COPY, I CERTIFY
GILBERT SANCHEZ, District Clerk

By _____ DEPUTY



OCT 3 0 2009

**ORIGINAL**

IN THE DISTRICT COURT OF EL PASO COUNTY TEXAS
_____ JUDICIAL DISTRICT

FILED
GILBERT SANCHEZ
DISTRICT CLERK

2009 SEP  3  PM 3 49

EL PASO COUNTY, TEXAS

BY _____
DEPUTY

Cause No. 2009-3953

| | |
|---|---|
| MICHAEL LUTH, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § |
| | § |
| PRAXAIR, INC., | § |
| | § |
| Defendant. | § |

## PLAINTIFF'S FIRST SET OF INTERROGATORIES TO DEFENDANT

TO:    PRAXAIR, INC.

You are hereby served with Interrogatories pursuant to the Texas Rule of Civil Procedure 197 to be answered in writing under oath.  Your answers are to be preceded by the Interrogatory to which the answer pertains.  The answers are to be signed and verified under oath by the persons making them as true and correct.  You are to respond to these interrogatories **FIFTY ONE (51) DAYS** after service.  If you object or assert a privilege in answering these Interrogatories, or any part thereof, you shall serve your objection upon Plaintiff in writing within **FIFTY ONE (51) DAYS** after service.  You are hereby advised that an evasive or incomplete answer is to be treated as a failure to answer.  You are expected to supplement your answers in accordance with the Texas Rules of Civil Procedure.  If you fail to answer these Interrogatories as set forth above and in accordance with the Texas Rules of Civil Procedure, then Plaintiff will move that sanctions be imposed against you pursuant to the Texas Rules of Civil Procedure.  Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form any information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made

1

within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

    **PRIVILEGE LOG**: Pursuant to Texas Rules of Civil Procedure 193.3(b), Plaintiff requests that Defendant identify the information and material withheld. Demand is hereby made that the identity of the information and material withheld be done **FIFTY-ONE (51) DAYS** after date hereof.

                    Respectfully submitted,

                    **SCHERR & LEGATE, PLLC**
                    Attorneys for Plaintiff
                    109 North Oregon, 12th Floor
                    El Paso, Texas  79901
                    (915) 544-0100 (Voice)
                    (915) 532-1759 (Facsimile)
                    JamesScherr@slelaw.com

                    **JAMES F. SCHERR**
                    State Bar No.: 17745400

mlW:\Luth-Michael\discovery\defendant\interrog\Praxair - 1st-int.wpd

2



# INTERROGATORIES

"PRODUCT" is defined as the same or similar model pipe pressure valve used in this incident.

1.     With regard to the towlator actually involved in this incident state the following:

   A.     The name, address and telephone number of each person, firm and organization that designed it;

   B.     The name, address and telephone number of each person, firm and organization that manufactured it;

   C.     The name, address and telephone number of each person, firm and organization who inspected and tested it;

   D.     The name, address and telephone number of each person, firm and organization who marketed it;

   E.     The name, address and telephone number of each person, firm and organization who repaired it, if any;

   F.     The name, address and telephone number of each person and organization that provided design, parts and any equipment towards the making of the product.

   G.     The date it was delivered to buyer;

   H.     Describe in detail all modifications and changes to the product, the date of same, and the reason therefore, and the name, address and phone number of each person, firm, organizations who performed same.

   I.     Describe any guarantee and warranty for the product.

2.     Describe any instructions provided to purchasers, users, employees, salesmen, repairmen, dealers or representatives of the product as to what should be done in order to safely use, repair and maintain the product, or warn of any dangers? Include in your answer the name, address and phone number of the persons who gave such instructions and describe such instructions in detail.

3.     Describe in detail all warnings, notices, and similar items that were provided to consumers, users, salesmen, representatives and employees for the purpose of operating, inspecting or using the product.



4.      Describe in detail any other claims, complaints, product liability claims, lawsuits, administrative correspondence and other notices that you have received where it was alleged that a PRODUCT provided or sold by your company collapsed/bursted, including the name, address and telephone number of the complainant and his attorney, nature of complaint, your response thereto, disposition of the claim, case number and court number.

5.      State precisely each and every act or omission on the part of each person that you contend was negligence and which was also a proximate cause or producing cause of the occurrence made the basis of this suit.

6.      With regard to the product, please describe the following information and the names, addresses and telephone numbers of all persons within your organization who are thoroughly knowledgeable or who you hold out as knowledgeable on the following subjects:

     A.      The design, manufacture, warnings and specifications of the product;

     B.      Any and all testing of the product;

     C.      Any and all film or written reports of any tests that depict potential problems with operating the product;

     D.      Any and all changes in the product to the present date which involve movement of the product;

     E.      How the occurrence made the basis of this suit took place;

     F.      The physical condition of any tangible thing that is or ever has been a part of the product made the basis of this lawsuit and how such physical condition relates to explaining how the occurrence made the basis of this lawsuit took place or how Plaintiff sustained his injuries.

7.      Did Defendant or any agent or employee of the Defendant ever receive a complaint or notification concerning the existence of any alleged danger in the product.  If affirmative, please state:

     A.      When did the Defendant or any agent or employee of Defendant first receive a complaint or notification of the existence of such alleged condition, giving the date and time;

     B.      How, when and by whom (name, address and phone number) did the Defendant or any agent or employee of the Defendant learn of the existence of such condition?

4

C.   What action or actions, if any, the Defendant or any agent or employee of the Defendant took to remove, repair or correct such condition so as to safeguard any user of the product.

8.   Has any person ever conducted any recall campaign, operation, program or activity which involve the product? If the answer is in the affirmative, please state and describe in complete detail each such recall campaign, operation, program or activity, including, but not limited to such information as:

A.   The exact date of the announcement or beginning of the campaign or operation.
B.   The purpose of the campaign or operation in the terms of potential or real defects sought to be checked and/or corrected.
C.   The types or models of products involved in the campaign or operation.
D.   The number of products of each type referred to in subsection (C) sought to be examined and/or corrected.
E.   The number of products of each type actually examined and/or corrected.
F.   The name, address and date that any government entity issued or considered issuing a recall for this product.

9.   If Defendant, the manufacturer, any dealer, representative or any entity on behalf of Defendant or any other person ever conducted testing of such product, or is aware of any such testing, television programs, documentaries, reports or other research of the product or similar product to evaluate the product for defective conditions, then answer the following:

A.   State the name, address and phone number of the person or persons, firms, entities or companies who are thoroughly knowledgeable about such testing.
B.   Produce and attach hereto copies of the results of any and all such tests, testing or evaluation.
C.   The results of such testing.

10.   Describe any denial of coverage, reservation of rights and insurance covering or potentially covering any claim arising from the occurrence, including types of coverage, limits of coverage, name and address of insurance company, policy number and the basis for denial of coverage or reservation of rights. If you will do so without a request to produce, please include a copy of the documentation.

11.   Describe with particularity this Defendant, and net worth for this Defendant.

12.   Have you made any changes or modifications to the design, inspection or maintenance procedures of the product?  If affirmative, please state:

     A.   The nature and extent of each change and/or modification;
     B.   The reason for each change and/or modification;
     C.   The date of each change and/or modification;
     D.   The name, address, telephone number, place of employment and job title of each person who authorized and/or directed the changes and/or modifications;
     E.   The purpose of each test;
     F.   The results of each test;
     G.   The location where each test was performed;
     H.   The name, address, job title and place of employment of the custodian of any documents which reflect the tests performed.

13.   Please give the name and address of anyone who took or prepared the following photographs or videotapes that you possess or control, your attorney possesses or controls, or any agent of you or your attorney possesses or controls:

     A.   Photographs or videotapes showing any injury alleged to have been caused by the incident mentioned in the complaint; and Photographs or videotapes showing the Plaintiff;
     B.   State the number of photographs taken.
     C.   State the date when each photograph was taken.
     D.   State the name, address and phone number of person conducting any type of surveillance of Plaintiff.



14.     Describe this Defendant.  Please include information on the State of Incorporation, if any, date of incorporation, address of Defendant's registered office within such state, the address of Defendant's principal place of business, and net worth of Defendant.

15.     Describe with particularity the relationships and agreements between the named Defendant and any other person, firm or entity with regard to the ownership, maintenance, inspection and repair of the premises made the subject of this suit.

16.     Please state what precautions, if any, were taken by you or any agent or employee of any Defendant, on the date of, prior to, and after the date of the Plaintiff alleged occurrence, to prevent injuries to users of the premises where the occurrence happened.

17.     Describe any condition, defect or object on the premises which caused Plaintiff's injuries, including the full and complete details as to how, or in what respect same was defective and any efforts on your part to remove same.

18.     Prior to the alleged occurrence, state whether you or any agent or employee of the Defendant has any knowledge of the existence of any dangerous condition on the premises and/or area where Plaintiff's alleged occurrence happened, including how you or any agent or employee of the Defendant acquired such knowledge and how long the condition or danger had been present prior to the alleged occurrence.

19.     Describe any repairs, maintenance or other work of any kind that was made to the premises and/or area in connection with the alleged occurrence, including, what such repairs consisted of, the names and addresses of the persons who made such repairs, maintenance and other work and the date and time such repairs, maintenance or other work was made.

20.     Identify any and all persons with responsibility for supervision of the premises and maintenance of the premises and/or area at the time of the alleged occurrence, and please state fully what arrangements Defendant had for use, instruction and the maintenance of the premises and/or area at the time of the alleged occurrence.

21.     Describe in detail any other claim within the past five years where it was claimed that a person was injured or nearly injured on your premises. Include the name, address and phone number of each person and their attorney, the date of claim, the location at which the claim arose, your position on each claim and ultimate disposition of the claim.

22.     State the names, addresses and phone number of all persons who you will call to testify and a summary of their testimony.

A TRUE COPY, I CERTIFY
GILBERT SANCHEZ, District Clerk

By _____
                                    DEPUTY
OCT 3 0 2009



**ORIGINAL**

IN THE DISTRICT COURT OF EL PASO COUNTY TEXAS

_____ JUDICIAL DISTRICT

FILED
GILBERT SANCHEZ
DISTRICT CLERK

2009 SEP 3 PM 3 49

EL PASO COUNTY, TEXAS

BY _____
DEPUTY

| | |
|---|---|
| MICHAEL LUTH, | § |
| | § |
| Plaintiff, | § |
| | § |
| vs. | § Cause No. 2009-3953 |
| | § |
| PRAXAIR, INC. | § |
| | § |
| Defendant. | § |

## FIRST REQUEST FOR PRODUCTION OF DOCUMENTS
## AND THINGS TO DEFENDANT AND PRIVILEGE LOG

TO:    PRAXAIR, INC.

Pursuant to the Texas Rule of Civil Procedure 192.3(b), you are hereby requested to produce for inspection, copying or photographing, the following documents or tangible things, including: "papers, books, accounts, drawings, graphs, charts, photographs, electronic or video tape recordings, data, and data compilations that constitute or contain matters relevant to the subject matter of the action. Furthermore pursuant to Texas Rule of Civil Procedure 196 you are required to produce the requested documents or tangible things within your possession, custody and/or control by **10:00 a.m.**

**FIFTY-ONE (51) DAYS AFTER SERVICE AT:**

SCHERR & LEGATE, PLLC.
109 N. Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100

All documents and things produced pursuant to this REQUEST shall be in original and unaltered form except, where designated in the specific REQUEST, photocopies may be substituted.

Further, all documents and tangible things must be produced "as they are kept in the usual course of business" and shall be labeled "to correspond with the categories in the request" as

provided in Texas Rule of Civil Procedure 196.3(c).

Further you are hereby required to respond and supplement this Request as mandated by Rule 193. If you fail to respond accordingly to this REQUEST or fail to supplement your response to this REQUEST, Plaintiff will seek sanctions pursuant to Rule 215.

Your failure to produce any item requested herein will be subject to a Motion to Strike or Suppress any such item not produced which you attempt to use at trial either as an exhibit or as evidence.

Further, compliance with Rule 196 is expected and requested and in that regard, you shall serve a written response which shall state, with respect to each item or category of items, that inspection or other requested action will be permitted as requested, and that you shall thereafter comply with the Request, except only to the extent that you made objections in writing as to particular items, or categories of items, stating specific reasons why discovery should not be allowed.

Further you are requested to organize the documents requested and label them to correspond with the categories in the request.

Pursuant to Tex. R. Civ. P. 196.4 you are requested to produce and reduce to printed form all information that exists in electronic or magnetic data.

You are hereby put on notice that pursuant to Rule 193.2(e), an objection that is not made within the time required, or that is **obscured by numerous unfounded objections**, is waived unless the court excuses the waiver for good cause shown.

You are hereby put on notice to produce to Plaintiff pursuant to Tex. R. Evidence 609 all evidence of any witness listed.

**PRIVILEGE LOG:** Pursuant to Texas Rules of Civil Procedure 193.3(a), Plaintiff requests that Defendants identify the information and material withheld. Demand is hereby made that the

identity of the information and material withheld be done fifty-one (51) days after date hereof.

Respectfully submitted,

**SCHERR & LEGATE, PLLC**
Attorneys for Plaintiff
109 North Oregon, 12th Floor
El Paso, Texas 79901
(915) 544-0100 (Voice)
(915) 532-1759 (Facsimile)
JamesScherr@slelaw.com

**JAMES F. SCHERR**
State Bar No.: 17745400

mlW:\Luth-Michael\discovery\defendant\producti\Praxair-1st-rfp.wpd

A TRUE COPY, I CERTIFY
GILBERT SANCHEZ, District Clerk
By _____ DEPUTY

OCT 30 2009



## ITEMS TO BE PRODUCED

"PRODUCT" is defined as the same or similar model pipe pressure valve used in this incident.

1.　Agreement with Western Refining concerning the location and equipment involved in Plaintiff's incident.

2.　All records, files, maintenance reports, repair records, purchase/sale documents, invoices and documents concerning the pressure valve made the basis of this case.

3.　All instructions and warnings for the product.

4.　The Declaration Sheet and policy of insurance insuring Defendant in this claim and any reservation of rights or letters declining coverage.

5.　Any photographs, drawing, maps, video recordings, motion pictures, tapes, recordings, graphic depiction or other tangible evidence concerning the scene of the accident, the pressure valve involved or the parties or witnesses to this case.

6.　All investigation reports, accident reports, statements by witnesses (oral or recorded) concerning the incident made the subject of this suit.

7.　Any and all files, billing, reports, mental impressions, opinions, notes, resumes, physical models, compilations of data, statement or other written materials of any kind from any expert witness who will testify in this case or whose work product forms a basis either in whole or in part of the opinion of an expert who is to be called as an expert.  If the discoverable factual observations, test, supporting data, calculations, photographs or opinions of any such expert witness who will be called as a witness have not been recorded or reduced to tangible form, those matters are hereby requested to be reduced to tangible form and produced.

8.　All maintenance and repair records on the pressure valve in question.

9.　Any sales brochures for the product.

10.　A complete set of engineering specifications, and/or drawings of the PRODUCT.

11.　Any advertisement (TV/radio/print) concerning the product.

12.　Any invoices, shipping documents, bills of lading, order, manufacturer contract, part or equipment purchases or estimates concerning the pressure valve made the subject of this suit.

13.　Certificate of title/invoice/purchase documents on the pressure valve made the basis of this case (prior to your modifications).

14.    Operating/safety manual for the product.

15.    Any shut off control in the pressure valve to stop when its not working.

16.    Documents on safer alternatives systems available to prevent danger  when the pressure valve is not working.

17.    All design files for the product in question, including handwritten changes, notes and computer records.

18.    All rules, regulations and standards of your company relating to the design of the product.

19.    All rules, regulations and standards of your company relating to the safety of the product.

20.    All notices and correspondences received on this claim from any source.

21.    All contracts, bill of sale, leases, agreements, maintenance agreements, invoices, purchase orders, service agreements, service call records and all other records concerning the product.

22.    Complete MSHA/OSHA file on this incident.

23.    Any brochure, warranty, operating manual or service manual involving the product.

24.    All patents on the product.

25.    For a period of 10 years prior to the date of this incident, for each notice, communication, lawsuit or claim where it was alleged that the product exploded, opened or released gas when it should not, please provide:

      A.    Copy of all incident reports, accident reports and investigative files.

      B.    Copies of all pleadings, judgments, depositions and settlements thereon.

26.    All medical records of Plaintiff received from any source.

27.    Any governmental reports, correspondence or complaints (including MSHA/OSHA reports) on the product.

28.    Any and all photographs, motion picture films, video tapes, test films or videos, written reports, computer printouts and any testing that evaluated any aspect of the product.

29. Any information on performance testing of the product in question.

30.     Comparative test results on the product.

31.     All inspection reports or tests concerning the product.

32.     All rules, regulations and standards of your company relating to the product.

33.     Any statement made by Plaintiff, Defendant or the manufacturer or other persons in the chain of commerce involved with the pressure valve, whether written or oral.

34.     Computer records, warranty claims showing complaints, claims, or warranty work with the product.

35.     Advertisements and brochures provided by and/or created by you for the product.

36.     Internal reports, memorandums, engineering information, studies or other information which concerning the risk of, or criticize or recommend against the product.

37.     Tangible evidence of your net worth.

38.     All training manuals on the product.

39.     Any videos, photographs and other demonstrative evidence on how to maintain the product.

40.     All statements, recordings, photographs, letters and writings furnished to MSHA/OSHA and/or received from MSHA/OSHA on this product.

41.     All contracts, agreements and writings with Plaintiff's employer involving this incident/product.

42.     All contracts, agreements and writings with Western Refining involving this incident/product.

43.     All computer records on this product.

44.     Purchase documents for this product.

45.     All e-mail records on this product.

46.     Service call sheets on the pressure valve made the basis of this case.

47.     All checklists for maintenance and service on the product made the subject of this case.

48.     All notices, citations, letters, communications, or other inquiries from governmental

entities relating to problems with the PRODUCT.

50.   Any modification made to the product after the date of this incident.

51.   All physical models and all other exhibits which depict the scene, the product, the product or the accident.

52.   Copies of any complaint or notification concerning the existence of any alleged defect or defective condition or problem in the product, to include documentation as to when Defendant or any agent or employee of Defendant first received a complaint or notification of the existence of such alleged condition, giving the date and time; how, when and by whom (name, address and phone number) the Defendant or any agent or employee of the Defendant learned of the existence of any such condition; and what action or actions, if any, the Defendant or any agent or employee of the Defendant took to remove, repair or correct such condition so as to safeguard the Plaintiff or any user of the product.

53.   Any statement made by any persons involving the claim made the subject of this suit, whether written or oral.

54.   The entire investigative file of Defendant concerning any investigation of the injury or incident made the basis of this suit generated prior to notice of a claim against you.

55.   Any computer list or compilation of defects in the PRODUCT which could have contributed to the injury.

56.   All quality control and/or defect slips concerning the PRODUCT.

57.   Tests, inspections and quality assurance certificates of the product.

58.   Recalls, silent recall notices, complaints, claims and lawsuits alleging problems in the PRODUCT.

59.   All documents obtained pursuant to any authorization signed by Plaintiff.

60.   Specification sheets provided for the product.

61.   Any subsequent remedial measures or replacement or repairs made to the product.

63.   Any complaint, notice , finding, engineering analysis warning or recall issued by any governmental entity on the product.

64.   Defendant's procedures for acquiring and handling information concerning other incidents (Weddington v. Consolidated Rail Corp. 101 F.R.D. 71.75 N.D.Ind. 1984).

65.   Defendant's in house investigation of other similar incidents.

66.   Statistics, studies, epidemiology reports, summaries, surveys, etc. of other similar incidents.